Nos. 20-17363, 20-17364, 21-15193, 21-15194
_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT
_____

DAVID WIT, et al.,
Plaintiffs-Appellees,
v.
UNITED BEHAVIORAL HEALTH,
Defendant-Appellant.
_____

GARY ALEXANDER, et al.,
Plaintiffs-Appellees,
v.
UNITED BEHAVIORAL HEALTH,
Defendant-Appellant.
_____

Appeal from the United States District Court for the
Northern District of California
Nos. 3:14-cv-2346, 3:14-cv-5337
_____

BRIEF OF THE SECRETARY OF LABOR AS AMICUS CURIAE IN SUPPORT
OF REHEARING AND REHEARING EN BANC
_____

| | |
|---|---|
| SEEMA NANDA<br>Solicitor of Labor | JEFFREY HAHN<br>Counsel for Appellate and Special Litigation |
| WAYNE R. BERRY<br>Acting Associate Solicitor<br> for Plan Benefits Security | ALYSSA C. GEORGE<br>SEJAL SINGH<br>Trial Attorneys<br>U.S. Department Labor<br>Office of the Solicitor,<br>Plan Benefits Security Division<br>200 Constitution Ave. NW<br>Washington, DC 20210 |

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................... ii

STATEMENT OF IDENTITY, INTEREST, AND AUTHORITY TO FILE .......... 1

INTRODUCTION ..................................................................................................... 1

ARGUMENT ............................................................................................................. 2

The Panel's Decision Conflicts with Precedent From this Court and Every Other Circuit that a Remand for a Redetermination Is an Available Remedy When a Plan Fiduciary Denies a Claim on a Ground Contrary to Plan Terms ..................................... 2

CONCLUSION ......................................................................................................... 9

CERTIFICATE OF COMPLIANCE ...................................................................... 11

# **TABLE OF AUTHORITIES**

Page(s)

**Federal Cases:**

*Buffonge v. Prudential Ins. Co. of Am.*,
 426 F.3d 20 (1st Cir. 2005) ...................................................................... 5 n. 3

*Caldwell v. Life Ins. Co. of N. Am.*,
 287 F.3d 1276 (10th Cir. 2002) ................................................................ 6 n. 3

*Canseco v. Constr. Laborers Pension Tr. For S. California*,
 93 F.3d 600 (9th Cir. 1996) ...................................................................... 4 n. 2

*Demirovic v. Bldg. Serv. 32 B-J Pension Fund*,
 467 F.3d 208 (2d Cir. 2006) ..................................................................... 5 n. 3

*Elliott v. Metro. Life Ins. Co.*,
 473 F.3d 613 (6th Cir. 2006) .................................................................... 8–9

*Grosz-Salomon v. Paul Revere Life Ins. Co.*,
 237 F.3d 1154 (9th Cir. 2001) .................................................................. 4 n. 2

*Jones v. Metropolitan Life Ins. Co.*,
 385 F.3d 654 (6th Cir. 2004) .................................................................... 6 n. 3

*King v. Hartford Life and Acc. Ins. Co.*,
 414 F.3d 994 (8th Cir. 2005) .................................................................... 6 n. 3

*Lafleur v. Louisiana Health Serv. & Indem. Co.*,
 563 F.3d 148 (5th Cir. 2009) .................................................................... 5 n. 3

*Melech v. Life Ins. Co. of N. Am.*,
 739 F.3d 663 (11th Cir. 2014) .................................................................. 6 n. 3

*Miller v. Am. Airlines, Inc.*,
 632 F.3d 837 (3d Cir. 2011) ..................................................................... 5 n. 3

**Federal Cases (continued):**

*Pakovich v. Broadspire Servs.*, Inc.,
   535 F.3d 601 (7th Cir. 2008) ..................................................................................6 n. 3

*Pannebecker v. Liberty Life Assur. Co. of Bos.*,
   542 F.3d 1213 (9th Cir. 2008) ...............................................................................4 n. 2

*Patterson v. Hughes Aircraft Co.*,
   11 F.3d 948 (9th Cir. 1993) ................................................................................4 n. 2, 5

*Saffle v. Sierra Pac. Power Co. Bargaining Unit Long Term Disability Income Plan*,
   85 F.3d 455 (9th Cir. 1996) ........................................................................................ 3–4

*Tapley v. Locs. 302 & 612 of Int'l Union of Operating Engineers-Emps. Const. Indus. Ret. Plan*,
   728 F.3d 1134 (9th Cir. 2013) ............................................................................4 n. 2, 5

*Vizcaino v. Microsoft Corp.*,
   120 F.3d 1006 (9th Cir. 1997) ........................................................................ 4 n. 2, 4–5

*Wilborn v. Am. Exp. Grp. Disability Plan*,
   1 F. App'x 731 (9th Cir. 2001) ..............................................................................................8

*Wilson v. UnitedHealthcare Ins. Co.*,
   27 F.4th 228 (4th Cir. 2022) ....................................................................................5 n. 3

*Zall v. Standard Ins. Co.*,
   58 F.4th 284 (7th Cir. 2023) ............................................................................................8

**Federal Statutes:**

Employee Retirement Income Security Act of 1974 (Title I),
   *as amended*, 29 U.S.C. § 1001 et. seq.

   Section 2(b), 29 U.S.C. § 1001(b) ........................................................................................1

   Section 502, 29 U.S.C. § 1132 ..............................................................................................1

**Federal Statutes (continued):**

Section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) .......................................... 1, 2, 3, 6, 7, 8

Section 503(2), 29 U.S.C. § 1133(2) .......................................................................7

Section 505, 29 U.S.C. § 1135 ................................................................................1

**Federal Regulations:**

29 C.F.R. § 2560.503-1(a) ........................................................................................7

29 C.F.R. § 2560.503-1(b)(2) ...................................................................................8

29 C.F.R. § 2560.503-1(b)(5) ...................................................................................8

## STATEMENT OF IDENTITY, INTEREST, AND AUTHORITY TO FILE

The Secretary of Labor has primary authority to interpret and enforce the provisions of Title I of ERISA. *See* 29 U.S.C. §§ 1132, 1135. Among ERISA's express purposes is to "provid[e] appropriate remedies, sanctions, and ready access to the Federal Courts." 29 U.S.C. § 1001(b). In particular, ERISA section 502(a)(1)(B) gives participants and beneficiaries a cause of action to recover benefits due to them under the terms of their plans and to enforce their rights under the terms of their plans. 29 U.S.C. § 1132(a)(1)(B). The panel's decision unduly constricts section 502(a)(1)(B) by precluding participants whose benefit claims have been adjudicated under improper standards or procedures from seeking to have their claims reprocessed unless they also request an award of benefits from the court. The Acting Secretary files this brief as amicus curiae under Circuit Rule 29-2 in support of rehearing.

## INTRODUCTION

In large part, the panel opinion addresses matters related to class certification. But in the course of reaching its decision, the panel announced a novel rule that directly conflicts with decisions from this Court and other courts of appeals, and that could, if left undisturbed, severely constrict ERISA's primary remedy to redress a fiduciary's failure to adjudicate a benefits claim consistent with plan terms.

This Court and its sister circuits uniformly agree that where a plan administrator denies a participant's claim for benefits using a standard contrary to the

1

terms of the plan, the appropriate relief in a suit under section 502(a)(1)(B) ordinarily is to remand to the plan administrator to reevaluate the claim using the correct standard. Despite acknowledging this longstanding practice, the panel, in the context of reversing class certification, stated that "ERISA does not provide reprocessing as a standalone remedy." Op. at 25. Instead, per the panel, ERISA-plan participants may obtain reprocessing only as a "*means* to the ultimate remedy," namely, an award of benefits, *id.* at 24, which the panel understood Plaintiffs to have disavowed seeking in this suit. But section 502(a)(1)(B) authorizes participants to sue *both* "to recover benefits due" *and* "to enforce . . . rights under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). This Court should grant review to reaffirm that a participant who establishes that he was denied coverage based upon a standard contrary to plan terms is entitled to have his claim reprocessed under proper standards.[1]

## ARGUMENT

### The Panel's Decision Conflicts with Precedent From this Court and Every Other Circuit that a Remand for a Redetermination Is an Available Remedy When a Plan Fiduciary Denies a Claim on a Ground Contrary to Plan Terms

Plaintiffs contended, and the district court found, that in denying claims for coverage of their mental health and substance use treatments, UBH applied its own internal medical necessity guidelines that contravened the terms of Plaintiffs' plans. Plaintiffs sought to have the district court set aside UBH's decisions denying their

---

[1] The Acting Secretary takes no position on whether rehearing is warranted on the other issues Plaintiffs raise in their petition.

claims and order UBH to redetermine their claims using plan-compliant standards. Plaintiffs brought their claim under ERISA section 502(a)(1)(B), which empowers a participant to bring an action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). The panel held that class certification was improper on that claim because the class sought only to have UBH reprocess Plaintiffs' claims using the standards required by their plans, without also asking the court to award benefits to class members. The Acting Secretary takes no view on whether class certification was appropriate in this particular case. But in the course of reaching its class-certification ruling, the panel appeared to suggest that reprocessing is not by itself a cognizable remedy at all under section 502(a)(1)(B). Such a holding would conflict with precedent from this Court and other courts of appeals, as well as ERISA itself.

      1.  Outside the class-action context, it is well established within this Court that "remand for reevaluation of the merits of a claim is the correct course to follow when an ERISA plan administrator, with discretion to apply a plan, has misconstrued the Plan and applied a wrong standard to a benefits determination." *Saffle v. Sierra Pac. Power Co. Bargaining Unit Long Term Disability Income Plan*, 85 F.3d 455, 461 (9th Cir.

3

1996).[2] *Saffle* addressed an allegation like the one here—albeit in a suit by an individual claimant—that the plan administrator "misconstrued the [plan] document and applied an incorrect standard to its benefits determination." *Id.* at 456. The Court declined to reach the question of whether the plaintiff was in fact entitled to benefits. Instead, the Court held that where "the administrator construes a plan provision erroneously, the court should not itself decide whether benefits should be awarded but rather should remand to the administrator for it to make that decision under the plan, properly construed." *Id.* The Court made clear it was not deciding whether the plaintiff was due benefits, as "[i]t should be up to the administrator, not the courts, to make that call in the first instance." *Id.* at 460.

The other Ninth Circuit cases cited by the panel are to the same effect. In *Vizcaino*, the *en banc* Court warned that "we should not allow ourselves to be seduced into making a decision which belongs to the plan administrator in the first instance."

---

[2] *See also Tapley v. Locs. 302 & 612 of Int'l Union of Operating Engineers-Emps. Const. Indus. Ret. Plan*, 728 F.3d 1134, 1143 (9th Cir. 2013) ("return[ing] the matter to the Trustees for reevaluation of the merits" under "a reasonable interpretation of Plan language"); *Pannebecker v. Liberty Life Assur. Co. of Bos.*, 542 F.3d 1213, 1221 (9th Cir. 2008) ("Where an administrator's initial denial of benefits is premised on a failure to apply plan provisions properly, we remand to the administrator to apply the terms correctly in the first instance."); *Grosz-Salomon v. Paul Revere Life Ins. Co.*, 237 F.3d 1154, 1163 (9th Cir. 2001) (quoting *Saffle*); *Vizcaino v. Microsoft Corp.*, 120 F.3d 1006, 1014 (9th Cir. 1997) (remanding "where a wholly new issue, which was never put to the [plan] administrator, has been raised"); *Canseco v. Constr. Laborers Pension Tr. For S. California*, 93 F.3d 600, 609 (9th Cir. 1996) (quoting *Saffle*); *Patterson v. Hughes Aircraft Co.*, 11 F.3d 948, 951 (9th Cir. 1993) (remanding where plan administrator had "failed to make the proper factual findings as to the nature of [participant's] disabling condition").

4

120 F.3d at 1013. And in *Patterson*, the Court remanded to the administrator to make the initial "factual determination, based on the medical evidence in the record," whether the plaintiff's disability fell within a plan limitation. 11 F.3d at 951. More recently, in *Tapley,* the Court held that the plan's trustees had relied on "an untethered interpretation of the Plan that takes away what the Plan was designed to provide." 728 F.3d at 1143. There again, despite rejecting the trustees' interpretation, this Court declined to rule on whether the plaintiff was entitled to benefits and instead "return[ed] the matter to the Trustees for reevaluation of the merits" of the plaintiff's claim under a reasonable interpretation of the plan language. *Id.*

The other circuits have uniformly taken the same position: when a plaintiff establishes a flaw in the administrator's decision-making process in denying a claim for benefits, remanding so the administrator can adjudicate the claim under the proper standard in the first instance is an appropriate remedy.[3]

---

[3] *See, e.g., Buffonge v. Prudential Ins. Co. Of Am.*, 426 F.3d 20, 31 (1st Cir. 2005) ("The problem is with the integrity of [administrator's] decision-making process. The appropriate response is to let [plaintiff] have the benefit of an untainted process."); *Demirovic v. Bldg. Serv. 32 B-J Pension Fund*, 467 F.3d 208, 212 (2d Cir. 2006) (remanding to plan administrator where its "determination appears to have been based at least in part on an unreasonable interpretation of the [plan's] provisions"); *Miller v. Am. Airlines, Inc.*, 632 F.3d 837, 856 (3d Cir. 2011) ("In a situation where benefits are improperly denied at the outset, it is appropriate to remand to the administrator for full consideration of whether the claimant is disabled."); *Wilson v. UnitedHealthcare Ins. Co.*, 27 F.4th 228, 242 (4th Cir. 2022) ("[I]n the case of procedural noncompliance with ERISA's full and fair review process, we have recognized that the appropriate relief is to remand for the administrative process to be properly applied."); *Lafleur v. Louisiana Health Serv. & Indem. Co.*, 563 F.3d 148, 157 (5th Cir. 2009) ("Remand to the

2. The panel's holding here, though nominally about class certification, appeared to rely on the underlying view that the reprocessing remedy ordered by this Court and countless others is not "itself a remedy under § 1132(a)(1)(B)," but is instead merely "a *means* to the ultimate remedy," that is, an award of benefits. Op. 24–25. And because, in the panel's view, "Plaintiffs expressly disclaimed the actual remedy available to them" by not asking the court itself to award them benefits, permitting the entire class to seek reprocessing as what the panel labeled a "standalone" remedy—i.e., untethered from a request that the court award benefits to the class—would enlarge substantive rights under ERISA. *Id.* at 25. To the extent the panel meant to preclude a

---

plan administrator for full and fair review is usually the appropriate remedy when the administrator fails to substantially comply with the procedural requirements of ERISA."); *Jones v. Metropolitan Life Ins. Co.*, 385 F.3d 654, 665 (6th Cir. 2004) ("Because application of the correct definition of accident and the ultimate resolution of [plaintiffs'] claim requires additional findings of fact, we will remand this case to [administrator]."); *Pakovich v. Broadspire Servs.*, Inc., 535 F.3d 601, 607 (7th Cir. 2008) ("when the plan administrator has not issued a decision on a claim for benefits that is now before the courts, the matter must be sent back to the plan administrator to address the issue in the first instance"); *King v. Hartford Life and Acc. Ins. Co.*, 414 F.3d 994, 1005 (8th Cir. 2005) ("the proper remedy is to return the case to the administrator for reevaluation of the claim under what [administrator] says is the correct standard"); *Caldwell v. Life Ins. Co. of N. Am.*, 287 F.3d 1276, 1288 (10th Cir. 2002) ("The remedy when an ERISA administrator fails to make adequate findings or to explain adequately the grounds of her decision is to remand the case to the administrator for further findings or explanation."); *Melech v. Life Ins. Co. of N. Am.*, 739 F.3d 663, 676–77 (11th Cir. 2014) ("[T]he proper course of action is to remand [plaintiff's] claim to [administrator] rather than to evaluate the merits of [plaintiff's] claim for benefits under the Policy using evidence that [administrator] did not consider.").

participant from requesting, and a court from ordering, a remand for reprocessing absent a request for an award of benefits, the panel clearly erred.

Any reading of section 502(a)(1)(B) as precluding such a request and order would not only be inconsistent with long-established practice in suits for benefits under section 502(a)(1)(B), but also would ignore additional text in that provision. While section 502(a)(1)(B) authorizes a claim for "benefits due," it further authorizes participants to sue to "enforce [their] rights under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). *See* Op. 24 (acknowledging that "the remedy provided under § 1132(a)(1)(B) is to recover benefits *or to enforce or clarify rights under the plan.*") (emphasis added). But the panel did not grapple with whether a remand for reprocessing would be supported by that additional clause.

The statute's authorization of actions to enforce plan rights, in connection with a suit arising from a denial of benefits, comfortably encompasses a request for a remand to the plan to redetermine the claim for benefits under the proper standards. ERISA and the Department's claims regulation impose procedural requirements on plans that *must* be applied in benefits determinations. Specifically, ERISA requires that all plans, "in accordance with regulations of the Secretary," afford participants a "full and fair review" of benefit claims that have been denied. 29 U.S.C. § 1133(2). The implementing regulation, in turn, sets out minimum procedural requirements that plans must employ to satisfy the statute's "full and fair review" requirement, 29 C.F.R. § 2560.503-1(a), and specifically requires plans to include those procedures in their

7

summary plan descriptions. 29 C.F.R. § 2560.503-1(b)(2). Those written procedures, moreover, must "contain administrative processes and safeguards designed to ensure and to verify that benefit claim determinations are made in accordance with governing plan documents." 29 C.F.R. § 2560.503-1(b)(5). These provisions thus make clear that participants have plan-conferred rights to have their claims adjudicated in conformance with the plan's terms. It follows, then, that when a plan administrator denies a participant's claim for benefits using a standard inconsistent with the plan's terms, that participant may sue under section 502(a)(1)(B) "to enforce . . . rights under the terms of the plan"—i.e., to have their claim re-adjudicated under the proper standard.

Indeed, when remanding claims for reprocessing in response to procedural violations, courts often explicitly direct the administrator to redress those violations by carrying out the required "full and fair review." *See, e.g., Wilborn v. Am. Exp. Grp. Disability Plan*, 1 F. App'x 731, 733–34 (9th Cir. 2001) (ordering remand to administrator "to enable it to afford [participant] a full and fair review of his benefits termination" where administrator "did not properly review" decision); *Zall v. Standard Ins. Co.*, 58 F.4th 284, 297–98 (7th Cir. 2023) (ordering remand to administrator "for a full and fair review of [participant's] claim" based on "procedural violation" of failing to provide evidence to participant); *Elliott v. Metro. Life Ins. Co.*, 473 F.3d 613, 622–23 (6th Cir. 2006) ("a remand to the district court with instructions to remand to

[administrator] for a full and fair inquiry is the proper remedy" where administrator had failed to engage in "a deliberate, principled reasoning process").

To be clear, the end result of reprocessing will of course be a determination of coverage. In that sense, the panel is correct that plaintiffs challenging a plan's decision denying a claim for benefits and seeking a remand for a redetermination of their claim under the proper standards generally hope to secure an award of benefits. Indeed, the pursuit of benefits in the end in such a suit is what gives the claimant standing and a right to sue in the first place. *Cf. Thole v. U.S. Bank, N.A.*, 140 S. Ct. 1615, 1620 (2020). But that does not mean that every participant or beneficiary subjected to an improper adjudication of their benefits claim must ask the court to directly award them benefits in order to obtain a remand for reprocessing. Nothing in the statute requires a claimant to do so, and the fact that some similarly situated plaintiffs may have *chosen* to do so does not make it a statutory requirement. To the extent the panel's class-certification holding was based on a contrary view of the substantive remedies available under ERISA—which would greatly alter judicial review even of a challenge by an individual participant or beneficiary to the denial of a claim for benefits—that view was erroneous and should be corrected.

## CONCLUSION

For the reasons above, the Secretary respectfully requests that the Court grant Plaintiffs' petition for rehearing.

9

Respectfully submitted,

SEEMA NANDA
Solicitor of Labor

WAYNE R. BERRY
Acting Associate Solicitor
  for Plan Benefits Security

JEFFREY HAHN
Counsel for Appellate and Special Litigation

s/Alyssa C. George
ALYSSA C. GEORGE
SEJAL SINGH
Trial Attorneys
U.S. Department of Labor
Office of the Solicitor
Plan Benefits Security Division
200 Constitution Ave., N.W., Room N-4611
Washington, D.C. 20210
(202) 693-5600

# CERTIFICATE OF COMPLIANCE

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

### Form 8. Certificate of Compliance for Briefs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form08instructions.pdf

**9th Cir. Case Number(s)** 20-17363, 20-17364, 21-15193, 21-15194

I am the attorney or self-represented party.

**This brief contains 2590 words,** including _____ words manually counted in any visual images, and excluding the items exempted by FRAP 32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

[ ] complies with the word limit of Cir. R. 32-1.

[ ] is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

[**x**] is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

[ ] is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

[ ] complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:
 [ ] it is a joint brief submitted by separately represented parties.
 [ ] a party or parties are filing a single brief in response to multiple briefs.
 [ ] a party or parties are filing a single brief in response to a longer joint brief.

[ ] complies with the length limit designated by court order dated _____.

[ ] is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).


**Signature** s/Alyssa C. George            **Date** 3/20/2023
*(use "s/[typed name]" to sign electronically-filed documents)*